O

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

| | | |
|---|---|---|
| **PATSY MIKESH on behalf of** § | | |
| **Victor M. Mikesh,** § | | |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| v. § | **CIVIL ACTION NO. V-04-120** | |
| § | | |
| **JO ANNE B. BARNHART,** § | | |
| **Commissioner of the Social** § | | |
| **Security Administration,** § | | |
| § | | |
| **Defendant.** § | | |

## MEMORANDUM & OPINION

Pending before the Court are Plaintiff Patsy Mikesh's Motion for Summary Judgment (Dkt. #8) and Defendant, Jo Anne B. Barnhart, the Commissioner of the Social Security Administration's ("Commissioner"), Motion for Summary Judgment (Dkt. #10). Plaintiff includes an alternative motion to remand. After consideration of the motions, the entire record, and the applicable law, the Court is of the opinion that Plaintiff's motion should be granted in part and denied in part and the Commissioner's motion should be denied.

### Factual and Procedural Background

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) and § 1383(c) for judicial review of an unfavorable decision by the Commissioner regarding her deceased husband's application for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") under the Social Security Act ("the Act").

Mr. Mikesh was forty years old when he applied for benefits[1] and had only a sixth grade

---

[1] *See* Administrative Transcript ("Tr."), pg. 86.

education.[2] Mr. Mikesh filed an application for SSDI and SSI benefits on September 5, 2002, alleging disability as of June 30, 2002.[3] On his Disability Report, Mr. Mikesh alleged disability due to back pain, his hip sticking out while walking, difficulty walking, and an inability to lift heavy objects.[4] Prior to the onset date of his alleged disability, Mr. Mikesh worked as a foreman at a water treatment plant, a motorman in the oil fields, and a cemetery worker/monument designer.[5]

After his application was denied at the consideration and reconsideration levels, Mr. Mikesh requested a hearing,[6] which was held in Victoria, Texas, on May 26, 2004, before ALJ Justilian Martin. At the hearing, Plaintiff was represented by counsel.[7] Plaintiff testified at the hearing, as did a medical expert, W.R. Hicks, Jr. ("Hicks"), and vocational expert, Don Marth ("Marth").[8] Prior to the hearing before the ALJ, Mr. Mikesh died on December 15, 2003, from an overdose of Methadone, which was the drug he was prescribed for pain.

The Plaintiff described the activity involved in her husband's past employment positions, as well as the time employed at each job.[9] Plaintiff explained that her husband had not worked since

---

[2] *Id.* at 114.

[3] *Id.* at 80, 86.

[4] *Id.* 17-18, 107.

[5] *Id.* at 18, 30, 44-45.

[6] *Id.* at 61.

[7] *Id.* at 17, 49-55, 56-50, 61.

[8] *Id.* at 29.

[9] *Id.* at 30.

June of 2002, and that he did not go back to work because of his pain.[10]

Plaintiff testified that her husband stayed home during the day and watched television and that he took rest periods during the day.[11] She also testified that he was able to do some chores around the house, though not many, and could take care of his personal needs.[12]

After reviewing the file and listening to the testimony, Hicks, the medical expert, testified regarding Mr. Mikesh's medical condition. Hicks opined that if Mr. Mikesh were employed, he should be limited to light work.[13]

Following Hicks's testimony, Marth, the vocational expert, testified as to Mr. Mikesh's past relevant work. Marth characterized Mr. Mikesh's work as a foreman at a water treatment plant as heavy and unskilled, his work as a motorman as heavy and semi-skilled, and his work as a monument designer/cemetery worker as very heavy and unskilled.[14]

After the completion of the hearing, the ALJ issued his decision denying benefits on June 24, 2004.[15] The Appeals Council subsequently declined to review the ALJ's decision on October 12, 2004.[16] The ALJ's decision thus became the Social Security Administration's final decision. Plaintiff then brought this timely action for review of the Commissioner's final decision.

---

[10] *Id.* at 31.

[11] *Id.* at 33.

[12] *Id.* at 34-35.

[13] *See id.* at 42.

[14] *Id.* at 45.

[15] *Id.* at 24.

[16] *Id.* at 2.

**Standard of Review and Applicable Law**

The Court's review of the Commissioner's final decision to deny disability benefits is limited to two issues: (1) whether substantial record evidence supports the decision and (2) whether proper legal standards were used to evaluate the evidence. *See Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (quoting *McQueen v. Apfel*, 168 F.3d 152, 157 n. 2 (5th Cir. 1999)).

If the findings of fact contained in the Commissioner's decision are supported by substantial evidence, they are conclusive and this Court must affirm. The widely accepted definition of "substantial evidence" is more than a mere scintilla, but less than a preponderance. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Carey*, 230 F.3d at 135. In applying this standard, the court is to review the entire record, but it may not reweigh the evidence, decide the issues de novo, or substitute the court's judgment for the Commissioner's judgment. *Brown*, 192 F.3d at 496. Only if no credible evidentiary choices of medical findings exist to support the Commissioner's decision should the court overturn it. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).

To claim entitlement to disability benefits, a claimant must show that he was disabled on or before the last day of his insured status. *Demandre v. Califano*, 591 F.2d 1088 (5th Cir. 1979). The legal standard for determining disability under the Act is whether the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental

impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  To determine whether a claimant is capable of performing any "substantially gainful activity," the regulations provide that the Commissioner should evaluate disability claims according to the following sequential five-step process:

(1) a claimant who is working, engaging in a substantially gainful activity, will not be found to be disabled no matter what the medical findings are;

(2) a claimant will not be found to be disabled unless he has a "severe impairment;"

(3) a claimant whose impairment meets or is equivalent to an impairment listed in [the Listings] will be considered disabled without the need to consider vocational factors;

(4) a claimant who is capable of performing work he has done in the past must be found "not disabled;" and

(5) if the claimant is unable to perform his previous work as a result of his impairment, then factors such as age, education, past work experience, and residual functioning capacity must be considered to determine whether he can do other work.

20 C.F.R. § 404.1520(b)-(g)*; see also Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994).

To be entitled to benefits, a claimant bears the burden of proving that he is unable to engage in substantial gainful activity within the meaning of the Act.  *See Wren v. Sullivan,* 925 F.2d 123, 125 (5th Cir. 1991) (citing *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985)).  The claimant must show that he suffers from a mental or physical impairment that not only renders him unable to perform his previous work, but, given his age, education, and work experience, prevents him from engaging in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.  *Johnson v. Harris*,

612 F.2d, 993, 997 (5th Cir. 1980) (quoting *Rhynes v. Califano*, 586 F.2d 388, 389-90 (5th Cir. 1978)). However, if the claimant can show that he can no longer perform his previous job, the burden then shifts to the Commissioner to show that there exists some other form of substantial gainful employment that the claimant can perform. *Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980); *Johnson*, 612 F.2d at 997. By judicial practice, this translates into the claimant bearing the burden of proof on the first four of the above steps and the Commissioner bearing it on the fifth. *See Brown*, 192 F.3d at 498; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987)). The analysis stops at any point in the five step process upon a finding that the claimant is or is not disabled. *See Greenspan*, 38 F.3d at 236.

## Discussion

In the unfavorable decision, the ALJ determined that Mr. Mikesh met the nondisability requirements for a period of disability and disability insurance benefits.[17] He then followed the five step process outlined in the regulations. At the first step, he found that Mr. Mikesh had not engaged in substantial gainful activity since the alleged onset of his disability, June 30, 2002.[18] At step two, the ALJ determined that Mr. Mikesh had an impairment (i.e., degenerative joint disease of the lumbosacral spine) that constituted a severe medically determinable impairment.[19] At the third step, the ALJ determined that Mr. Mikesh's severe impairment did not meet or medically equal one of the listed impairments in 20 C.F.R. Pt. 404, Subpart P, App. 1.[20] At step four, the ALJ determined

---

[17] *Id.* at 23.

[18] *Id.* at 23, 86.

[19] *Id.*

[20] *Id.*

that Mr. Mikesh was unable to perform any of his past relevant work.[21] Proceeding to the final step of the analysis, the ALJ found that, Mr. Mikesh had the residual functional capacity ("RFC") to perform the full range of light work.[22] Specifically, the ALJ found that Mr. Mikesh had the RFC to "lift and carry up to 20 pounds occasionally and 10 pounds frequently and walk/stand and sit up to 6 hours in an 8-hour day."[23]

Plaintiff requests judicial review of the ALJ's decision to deny disability benefits to her husband. She argues that the Commissioner's decision was flawed because the ALJ erred by failing to accord controlling weight to the opinion of her husband's treating physician, Dr. Frosty Moore. Plaintiff also moves the Court to consider new evidence submitted by Dr. Moore.

## I.     Assertion That the ALJ Improperly Failed to Accord Controlling Weight to the Opinion of Her Treating Physician

Plaintiff asserts that the ALJ erred by failing to accord "controlling weight" to the opinion of her husband's treating physician, Dr. Moore. The regulations do state that, normally, a treating physician's opinion regarding the nature and severity of a patient's impairment will be given controlling weight. *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000) (internal quotations omitted). But this is so only if the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence. *Id.* (citing *See Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995)); *see also* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). The regulations also state that an evaluation by the claimant's treating physician should be accorded great weight. *Martinez*, 64 F.3d at 176 (citing *Greenspan v. Shalala*, 38 F.3d

---

[21] *Id.* at 23.

[22] *Id.* at 24.

[23] *Id.* at 21, 23.

232, 237 (5th Cir.1994), *cert. denied*, 514 U.S. 1120, 115 S. Ct. 1984 (U.S. 1995)). The ALJ ultimately may give less weight to the medical opinion of a treating physician when his statements are conclusory, unsupported, or otherwise incredible. *See Greenspan*, 38 F.3d at 237.

Mr. Mikesh was under the care of Dr. Moore from 1995 to 2003.[24] It is clear from the record, that Dr. Moore determined that Mr. Mikesh's injuries prevented him from returning to his prior work.[25] However, the Court is of the opinion that the record before the ALJ at the time he made his decision contained substantial evidence to support his finding with regard to Mr. Mikesh's RFC and

his finding that Mr. Mikesh's impairments were not disabling as defined under 20 C.F.R. § 404.1520(f) and 416.920(g).

Plaintiff also argues that the ALJ erred by failing to consider the factors set forth in 20 C.F.R. § 404.1527(d). The regulations require that an ALJ must consider the following factors when determining that a treating physician's opinion is not entitled to controlling weight: (1) the physician's length of treatment of the claimant; (2) the physician's frequency of examination; (3) the nature and extent of the treatment relationship; (4) the support of the physician's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician. *See* 20 C.F.R. § 404.1527(d)(2). Social Security Ruling 96-2p mandates that, when deciding to discount the opinion of a treating physician, the ALJ must indicate the specific reasons for discounting the treating source's medical opinion. *See* Social Security Ruling 96-2p (1996), 1996 WL 374188, at *5 (S.S.A. July 2, 1996). In *Newton*

---

[24] *Id.* at 175-239, 284-329.

[25] *See id.* at 259.

*v. Apfel*, 209 F.3d 448 (5th Cir. 2000), the Fifth Circuit held that an ALJ is required to consider each of the factors set forth in 20 C.F.R. § 404.1527(d). Though he could have been more specific, the Court is of the opinion that the ALJ did in fact address the factors set forth in 20 C.F.R. § 404.1527(d).

## II.     The Existence of New Material Evidence

In addition, the Plaintiff argues that the case should be remanded so that the ALJ can consider the new evidence submitted with her motion for summary judgment, namely a letter from Dr. Moore.[26] In order to warrant a remand, the offered evidence needs to be (1) new, (2) material, and (3) good cause must be shown for the failure to incorporate the evidence at the prior proceeding. 42 U.S.C. § 405(g); *see also Bradley v. Bowen*, 809 F.2d 1054, 1058 (5th Cir. 1987). In addition, the evidence may not concern evidence of a later-acquired disability or subsequent deterioration of a previously non-disabling condition. 809 F.2d at 1058. The Fifth Circuit has held that new evidence is not "material" if there is "no reasonable possibility that it would have changed the outcome of the [Commissioner's] determination." *Chaney v. Schweiker*, 659 F.2d 676, 679 (5th Cir. 1981).

The Commissioner does not appear to dispute the fact that Dr. Moore's letter is new evidence and that there was good cause for not introducing the evidence at the hearing before the ALJ. Rather, she argues that the evidence is not material and that it should be rejected because it was generated after the ALJ rendered his decision and was generated specifically to refute the ALJ's decision.

The Court holds that the evidence is material. As alluded to above, key to the ALJ's decision

---

[26] *See id.*

9

was his assertion that there was no medical evidence to support Mr. Mikesh's allegations as to the degree of his pain in May 2003 and that no doctor stated that the he was precluded from all work activity. Dr. Moore states in his letter that it is his opinion that Mr. Mikesh was unable to perform any gainful employment, which presumably includes light work. The letter also lists the medical conditions in support of his opinion.[27] For instance, he writes that Mr. Mikesh was "significantly impaired due to the pelvic fracture, malunion, stress fracture, and the subsequent spinal stenosis and radiculopathy."[28] Dr. Moore also stated that Mr. Mikesh "could not sit, he could not stand, he could not walk, and he could not climb because of this impairment."[29] Dr. Moore's letter is evidence that the ALJ may have erred in basing his conclusions upon the facts just discussed.

The Commissioner also argues that Plaintiff's admission that Dr. Moore stopped caring for her husband in 2003 and yet wrote his letter some time in 2004 indicates that Dr. Moore was simply "leaning over backwards to support the application for disability benefits." *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1984) (quoting *Whitney v. Schweiker*, 695 F.2d 784, 789 (7th Cir. 1982)). The Court agrees with the Commissioner that, because the Plaintiff admitted that the letter was written after the ALJ issued his decision,[30] the letter had to be written some time in 2004. However, the Court does not find that Dr. Moore was "leaning over backwards" in support of Mr. Mikesh's application.

Finally, the Court notes that Dr. Moore's letter does not concern evidence of a later-acquired

---

[27] *Id.*

[28] *Id.*

[29] *Id.*

[30] *See id.* at 5-6.

disability or subsequent deterioration of a previously non-disabling condition. *Bradley*, 809 F.2d at 1058. The Court construes Dr. Moore's letter to relate simply to Mr. Mikesh's condition as of the last time Dr. Moore examined the Plaintiff, which was on June 25, 2003.[31]

In sum, the Court is of the opinion this case should be remanded so that the Commissioner can determine whether the new material evidence warrants a finding that Mr. Mikesh was disabled during the time period for which he sought benefits.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment (Dkt. #8) is GRANTED in part and DENIED in part to the extent described above. The Commissioner's Motion for Summary Judgment (Dkt. #10) is DENIED.

Accordingly, this case is remanded to the Commissioner for further administrative action pursuant to sentence six of 42 U.S.C. § 405(g). Should the Commissioner not accord controlling weight to Dr. Moore's opinion, she shall provide a detailed analysis of each of the factors listed in 20 C.F.R. § 404.1527(d).

It is so ORDERED.

SIGNED on this 24th day of March, 2006.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE

---

[31] *See id.*, Ex. A.